In re Fianzas Notariales Del Colegio de Abogados
de Puerto Rico

*Sometido:* Diciembre 13, 1939. *Resuelto:* Enero 8, 1940.

---

* Nota: Véase el prefacio.

*Benicio Sánchez Castaño* y *Luis E. Dubón,* abogados del Colegio; *Hon. Procurador General Interino, E. Campos del Toro,* por el Departamento de Justicia; *R. H. Ball,* por la Oficina del Superintendente de Seguros.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

En 15 de mayo de 1939 la Asamblea Legislativa de Puerto Rico aprobó la Ley Núm. 170, y la sección aquí envuelta, según fué enmendada, lee como sigue (Leyes de 1939, pág. 863):

"Sección 2.—*(Enmendada según la ley de 10 de marzo de 1910, pág. 152.)*—Además de los que hoy ejercen en esta Isla la profesión notarial, y de los que hasta hoy han obtenido título librado por la Corte Suprema de Puerto Rico, sólo podrán en lo sucesivo ejercer dicha profesión, los abogados que hayan sido admitidos a practicar como tales ante las cortes de justicia por la dicha Corte Suprema y hayan prestado una fianza a favor de El Pueblo de Puerto Rico, por la suma de dos mil quinientos (2,500) dólares, para responder del buen desempeño del cargo. La fianza que prestare cualquier notario deberá ser bien personal o hipotecaria; *Disponiéndose,* que podrá aceptarse la fianza de cualquier compañía fiadora como única garantía buena y suficiente, con todos sus derechos y sujeta a todas las responsabilidades como lo están las garantías de personas naturales, de acuerdo con lo que dispone el artículo 355 del Código de Enjuiciamiento Civil; *Y disponiéndose, además,* que podrá aceptarse también al Colegio de Abogados de Puerto Rico como única garantía para responder del buen desempeño de su cargo como notario por cualquier abogado colegiado, facultándose a dicho Colegio para co-

brar por esa garantía la cantidad que estime razonable. La fianza después de prestada, no se tendrá como constituída, hasta no haber sido aprobada por la Corte Suprema, e inscrita, cuando sea hipotecaria, en el Registro de la Propiedad. Aprobada la fianza, el notario prestará el juramento que más adelante se prescribe, y pondrá en conocimiento de la Corte de Distrito del Distrito en que haya de residir, la fecha en que abrirá su oficina notarial. La fianza del notario responderá de los daños y perjuicios que por acción u omisión cause en el ejercicio de su ministerio; *Disponiéndose,* que si en una reclamación judicial que se haga contra un notario, se le adjudica al reclamante el todo o parte de la fianza de aquél, no podrá seguir ejerciendo, hasta tanto que la tenga nuevamente constituída por el montante y en la forma que antes se ha expresado.''

El Colegio de Abogados de Puerto Rico acude ante nos en solicitud de que dictemos una resolución declarando que aceptamos como única garantía de sus funciones de asegurador de los notarios, su buena fe y la suma de $25,000 en bonos de los Estados Unidos, que se obliga a depositar en la Secretaría de esta Corte Suprema. En el curso de su petición a este tribunal el Colegio aduce que hasta el presente no le ha sido posible obtener más de $22,500 en dichos bonos y que aún le faltan por adquirir $2,500. El recurrir a este método de fijar la suma de $25,000 y depositarla en la Secretaría de esta corte ha sido el resultado de una resolución adoptada por el propio Colegio de Abogados el 12 de julio de 1939. Creemos que ella es una buena idea, a pesar de que, conforme veremos, no existe disposición expresa en la ley a ese efecto.

Leyendo la ley no hallamos ninguna autoridad específica a virtud de la cual la Corte Suprema de Puerto Rico pueda ahora autorizar o ratificar la actuación del Colegio de Abogados al demostrar su solvencia mediante el depósito de bonos por la suma de $25,000 en esta Corte Suprema. Nada encontramos en la ley misma ni en las leyes generales de Puerto Rico que autorice o dé jurisdicción a este tribunal para aprobar la garantía ofrecida por el Colegio de Abogados, según

ocurre cuando los distintos funcionarios ejecutivos de Puerto Rico aprueban las fianzas de corporaciones domésticas o extranjeras, ora sean éstas fiadoras o garantizadoras. No tenemos duda de que el Colegio de Abogados, una vez autorizado por la Asamblea Legislativa, puede efectuar el trabajo que con tanta frecuencia es realizado por una compañía fiadora, y estamos enteramente dispuestos a ayudarle en cuanto nos sea posible.

La única jurisdicción conferida a este tribunal ha sido para aprobar fianzas notariales, ya sean éstas presentadas por el Colegio de Abogados, por compañías fiadoras, por personas particulares o por fiadores hipotecarios. Por tanto, la cuestión tan sólo puede surgir en debida forma cuando se presente a esta corte para su aprobación una fianza notarial otorgada por el Colegio de Abogados. Entonces tendremos oportunidad de aprobar o desaprobar la fianza, bien bajo la condición impuesta por el Colegio mismo de suministrar $25,000 ó $22,500 en bonos de los Estados Unidos, o sin ella, y bajo la promesa adicional del Colegio de cumplir lo que en su resolución o ante este tribunal dijo cumpliría. Desde luego, esta corte no puede en absoluto obligarse en sus futuras actuaciones, mas todos los miembros de este tribunal se inclinan, en tanto en cuanto está dentro de sus poderes, a aprobar cualquier fianza presentádales, si el Colegio de Abogados demuestra en su oportunidad que está cumpliendo o tratando de cumplir con las condiciones que se ha impuesto a sí mismo.

*Bajo estas circunstancias, por ahora no actuaremos definitivamente sobre la moción del Colegio de Abogados, sino que la dejaremos en suspenso hasta que una fianza nos sea presentada para su aprobación.*